```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA
                              CASE NO. 11-Cv-22172-SEITZ
                                   (90-Cr-00768-SEITZ)
                              MAGISTRATE JUDGE P. A. WHITE
```

JAMES ROBERT RICE,            :

    Movant,               :

v.                            :          REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

    Respondent.           :
_____

## I.  Introduction

This matter is before this Court on James Robert Rice's motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and sentences, entered following a jury trial in case no. 90-Cr-00768-SEITZ.

The Court has reviewed the motion (Cv DE# 1, 4); the government's answer (Cv DE# 12); Rice's reply (Cv DE# 13); the Presentence Investigation Report (PSI); and all pertinent portions of the underlying criminal file.

## II.  Facts and Procedural History

The Eleventh Circuit described the factual and procedural background of the underlying criminal proceedings in <u>United States v. Rice</u>, 43 F.3d 601, 602-03 (11th Cir. 1995) as follows:

> In 1990, defendant-appellant James Robert Rice engaged in negotiations to purchase twenty kilograms of cocaine from confidential federal informants and purchased seven kilograms of cocaine for $120,000 from undercover federal officers. Upon fleeing the scene,

> Rice's automobile collided with that of a federal agent. After a high speed chase, Rice was arrested.
>
> Rice was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two); carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three); and use of a deadly weapon to impede official duties in violation of 18 U.S.C. § 111 (Count Four).
>
> . . .
>
> After trial on the 1990 charges, the jury found Rice guilty on all four counts.

Prior to sentencing, a PSI was prepared establishing the following. The PSI set the movant's base offense level at 34, pursuant to U.S.S.G. §2D1.1(a)(3)(5). (PSI ¶18). Under §3A1.2(b), the offense level was increased by three levels because during the course of the offense or immediate flight therefrom, the defendant, knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer in a manner creating a substantial risk of bodily injury. (PSI ¶21). The total offense level was set at 37. (PSI ¶27).

The probation officer next determined that the movant had a total of 12 criminal history points and a criminal history category V. (PSI ¶36). In Rice's direct appeal, the Eleventh Circuit explained that the government expressed its intention to seek a career offender sentence enhancement.

> On the day Rice's trial began, but before the jury was empaneled, the Assistant United States Attorney announced in open court that he was filing an information pursuant to sections 841(b)(1)(A) and 851(a) notifying the court he would seek an enhanced sentence of mandatory

2

life imprisonment. The government provided defense counsel with two copies of the information.

The government listed three prior convictions in its information supporting its request for mandatory life under section 841(b)(1)(A). The first conviction listed by the government was a state drug felony conviction in Dade County, Florida. Specifically, on November 6, 1979, Rice pleaded guilty to conspiring between September 15, 1978, and November 13, 1978, to sell, deliver and possess with intent to sell or deliver over 100 pounds of marijuana, and methaqualone (quaaludes) in violation of Florida law. Rice was sentenced to a ten-year term. Subsequently, the Dade County court ordered that Rice be allowed to serve these sentences in North Carolina under an interstate compact agreement because it was anticipated that Rice would be pleading guilty to similar charges there.

The second conviction enumerated by the government was a June 9, 1980, state felony drug conviction in North Carolina. Rice pleaded guilty in Mecklenburg County, North Carolina, to three counts of sale and delivery of cocaine, three counts of possession with intent to sell and deliver cocaine and of conspiracy to sell cocaine, in violation of North Carolina law. On at least two occasions, September 5, 1978, and September 7, 1978, Rice sold cocaine to the same undercover police officer. He was sentenced to two consecutive sentences of ten years imprisonment with five years suspended as to one of the sentences. These sentences were to run concurrently with the sentence imposed in Dade County, and the court ordered that he be incarcerated by the North Carolina Department of Corrections according to the terms of his plea agreement.

Rice's third conviction was for interstate transportation (use of commercial air facilities at Raleigh-Durham Airport in Raleigh, North Carolina) in aid of a racketeering enterprise which imported narcotics in violation of 18 U.S.C. § 1952. Rice pleaded guilty in the United States District Court for the Eastern District of North Carolina to this charge for smuggling marijuana, quaaludes and cocaine into the United States, specifically North Carolina, from the Caribbean Region between November 10 and November 14, 1978. On May 23, 1983, Rice was sentenced to a five-year term in prison. The district court permitted Rice to serve this sentence

>in the North Carolina prison system where he was already incarcerated.

Rice, 43 F.3d at 603. According to the PSI, the defendant was a career offender because: (1) he was at least 18 years old at the time of the instant offense; (2) the instant offense was a felony that is a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. (PSI ¶37). As a result, the criminal history category was increased to a category VI. (PSI ¶37).

Statutorily, as to counts 1 and 2, the movant faced a mandatory life sentence, pursuant to the enhanced penalties under 12 U.S.C. §841(a)(1) and 849; as to count 3, the movant faced a mandatory five year consecutive sentence pursuant to 18 U.S.C. §924(c); and as to count 4, the movant faced a maximum term of ten years, pursuant to 18 U.S.C. §111. (PSI ¶38). Based on a total offense level of 37 and a criminal history category VI, the movant's resulting guideline range was 360 months to life in prison. (PSI ¶39).

Rice subsequently appeared for sentencing.

>Rice was sentenced to life imprisonment on Counts One and Two. Rice also received sentences of five years to run consecutively to the life sentence on Count Three and ten years to run concurrently with the life sentence on Count Four. In ordering Rice's sentence the district court found, inter alia, that the government complied with the filing mandate of section 851(a) and that the three prior convictions listed in the section 851(a) information were not related; therefore, the convictions could be counted separately to enhance his sentence pursuant to section 841(b)(1)(A).

Rice, 43 F.3d at 603-04.

Rice appealed his convictions and sentences and raised the

4

following issues:

> Rice challenges his sentence to mandatory life imprisonment arguing (1) that the government failed to notify the court and the defense "before trial," as required by 21 U.S.C. § 851(a), that it intended to rely upon prior convictions for enhancement of sentence; (2) that the district court erred in concluding that the prior convictions were separate and distinct offenses for which enhancement was appropriate under section 841(b)(1)(A); (3) that the district court similarly erred in concluding that the prior convictions were separate and distinct offenses by which to find the appellant a "career offender" under U.S.S.G. §§ 4B1.1, 4A1.2 (Nov. 1990); and (4) that the district court erred in computing the amount of drugs to be used in determining his sentence under the Sentencing Guidelines.

Id. at 604. In a written published opinion, the Eleventh Circuit affirmed the defendant's convictions and sentences. Id. The court concluded with the following:

> Rice appeals his life sentence for drug-related felonies arguing that the district court erred in finding that he had two prior felonies and thus was incorrect in applying the mandatory sentencing provision of 21 U.S.C. § 841(b)(1)(A). While a court may examine previous convictions to determine if they are related for purposes of constituting prior felony convictions under 21 U.S.C. § 841(b)(1)(A), unless clear error is demonstrated, the district court's decision will stand. The district court did not err in enhancing Rice's sentence or in applying the Sentencing Guidelines. Accordingly, we affirm.

Id. at 608-09. Rice did not file a petition for writ of certiorari in the Supreme Court.

In February of 1997, Rice filed his first 28 U.S.C. §2255 wherein he alleged that his counsel's prior personal relationship with Rice's co-defendant created a conflict of interest. (Cr DE# 246). He also alleged that the sentencing judge erred in failing to treat his three prior convictions as a single conviction for

purposes of enhancement. Rice next claimed that the sentencing judge erred in announcing his sentence as to count I. (Id.). Lastly, Rice argued that the government failed to properly serve him with the notice of intent to seek a career offender sentencing enhancement and the government failed to disclose favorable evidence relating to his co-defendant. (Id.).

In the response to Rice's motion, the government conceded that the Judgement and Commitment Order ("J&C") in Rice's case incorrectly stated that count I was for "importation of cocaine," rather than possession with intent to distribute cocaine. (Cr DE# 250, p. 18). The government argued that the mislabeling of count I in the J&C did not amount to a fundamental error requiring the sentence to be vacated. (Id.). Instead, the mistake constituted a clerical error which should be corrected with an Amended Judgment and Commitment, pursuant to Fed.R.Crim.P. 36. (Id.). Magistrate Judge Snow issued a September 30, 1997 report recommending that Rice's motion be granted, in part, solely for the purpose of amending the judgment to correctly reflect the conviction for possession with intent to distribute cocaine, instead of importation of cocaine. (Cr DE# 253, p. 12). Specifically, Judge Snow concluded, "the only relief to which the movant is entitled is a correction of his judgment, since the jury was properly instructed on the offense charged in count I of the original indictment, and there is no showing of any error pertaining to this court at trial or at sentencing." (Id.). The District Court issued a November 4, 1997 Amended Judgment wherein the court explained the purpose of same was to correct a sentence for a clerical mistake, pursuant to Fed.R.Crim.P. 36. (Cr DE# 255).

On June 7, 1999, Rice filed a second motion pursuant to 28 U.S.C. §2255. (Case No. 99-CV-01601-PAINE, DE#1). On July 12, 1999,

6

this court dismissed the motion as a successive §2255 motion. (Case No. 99-CV-01601-PAINE, DE#7). Rice appealed. On February 4, 2000, the Eleventh Circuit denied Rice's request for a certificate of appealability and dismissed Rice's appeal. (Case No. 99-CV-01601-PAINE, DE#15).

On April 26, 2000, Rice filed a motion for reduction of sentence. (Cr DE# 260). On May 26, 2000, this court recharacterized the motion as a successive §2255 petition, and denied same. (Cr DE# 257).

On March 28, 2001, Rice filed a motion to correct sentence under 18 U.S.C. §3582. (Cr DE# 268). On May 30, 2001, this court dismissed the motion for lack of jurisdiction. (Cr DE# 273).

On November 9, 2005, Rice filed a petition in the District Court of South Carolina under 28 U.S.C. §2241. Rice v. Lamanna, 451 F.Supp.2d 755 (D. S.C. 2006). Rice argued that the government failed to file an information pursuant to 21 U.S.C. § 851(a)(1) prior to trial and that the government's failure to do so deprived the trial court of jurisdiction to sentence the petitioner as a career offender. Id. at 760. In denying the petition, the District Court stated the following:

> Rice claims that §2255 is inadequate or ineffective because he is "actually innocent of the sentence imposed upon him." (Pet.'s Memo at 3.) However, as the Magistrate Judge concluded, Rice's bare allegations of actual innocence, unsupported by any new, reliable evidence, are not sufficient to place his petition within the scope of §2241. Rather, his claims place his petition within the scope of §2255, which is not inadequate or ineffective merely because the AEDPA's gatekeeping restrictions prevent Rice from using it. See, e.g., Paige v. Holt, 150 Fed. Appx. 141, 142 (3d Cir. 2005) (unpublished) ("His claims of actual innocence and improper sentencing place

> his petition squarely within the scope of § 2255. Section 2255 is not inadequate simply because AEDPA's gatekeeping restrictions prevent Paige from availing himself."). Moreover, because Rice does not cite any new, retroactively applicable Supreme Court decision, he cannot satisfy any of the requirements of § 2255's savings clause. Accordingly, Rice is not entitled to bring this action under §2241.

Id. at 758-59. The court ultimately dismissed th §2241 petition without prejudice. Id. at 760. The Fourth Circuit Court of Appeals affirmed. Rice v. Lamanna, 197 Fed. Appx. 259 (4th Cir. 2006).

On June 15, 2007, Rice filed a motion in this court seeking a writ of *audita querela*, or alternatively, a reduction in his sentence under 18 U.S.C. §3582. (Cr DE# 308). On August 21, 2007, this court denied the motion. (Cr DE# 314). The Eleventh Circuit dismissed Rice's appeal on November 1, 2007. (Cr DE# 319).

On May 5, 2008, Rice filed a jurisdictional indictment objection pursuant to Fed.R.Crim.P. 12(b)92). (Cr DE# 321). On August 21, 2008, District Court Judge Seitz issued an order denying Rice's motion, stating:

> By prior Court order (Cr DE# 322), the Court has noted that Defendant has filed several successive motions that the Court has deemed successive §2255 petitions. The Court deems the current motion another §2255 petition, making it Defendant's fifth such petition. As such, Defendant must obtain an order from the Appellate Court authorizing this Court to consider the motion. See 28 U.S.C. §§ 2244(b)(3)(a), 2255(h). Defendant has failed to obtain such an order.

(Cr DE# 329).

On June 24, 2010, the Supreme Court issued Magwood v. Patterson, 130 S.Ct. 2788, 2802 (2010), wherein the Court held

8

that where "there is a new judgment intervening between . . . two habeas petitions, an application challenging the resulting new judgment is not second or successive at all."

On June 16, 2011, Rice filed the §2255 petition at issue in the instant proceedings. Rice argued that the court improperly characterized his prior pro se pleadings as successive §2255 motions without first warning him that the motions would be recharacterized, as required by Castro v. United States, 540 U.S. 375 (2003). Relying on Magwood, Rice argues that he has never had the chance to challenge the November 4, 1997 Amended Judgment. Rice also argues that his current motion is timely under 28 U.S.C. §2255(f)(3) because it was filed within one year of the Supreme Court's decision in Magwood.[1] (Cv DE# 4). Construing the arguments liberally as afforded pro se litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant asserts the following:

> **Claim 1**: His right to due process was violated by the admission of evidence at his trial relating to the charges in the superseding indictment, which was dismissed prior to trial;
>
> **Claim 2**: His sentence is unconstitutional because the predicate convictions did not qualify under 21 U.S.C. §851;
>
> **Claim 3**: An improper jury instruction regarding 18 U.S.C. §924(c) violated his constitutional right to be tried only for the crimes charged in the indictment;
>
> **Claim 4**: Ineffective assistance of counsel for failing to raise claims 1 through 3 at trial, sentencing, and on appeal.

(Cv DE# 1, 4).

---

[1] Because the Undersigned concludes that the motion is successive, notwithstanding Magwood, the Undersigned does not address whether the motion is timely.

### III. Successive Motion

Before a federal prisoner may file a second or successive §2255 motion, he must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. See 28 U.S.C. §2244(b)(3)(A); 28 U.S.C. §2255(h); In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Rice never obtained authorization from the Eleventh Circuit, the district court would lack jurisdiction to consider a second or successive § 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003). However, in light of Magwood v. Patterson, a §2255 motion is not second or successive within the meaning of §2244(b)(3) if it attacks, for the first time, a different judgment than an earlier §2255 motion. United States v. Smith, 419 Fed.Appx. 954 (11th Cir. March 30, 2011).

The Eleventh Circuit recently discussed the Magwood decision in detail as follows:

> The Supreme Court recently addressed whether a defendant in state custody, who already had filed a § 2254 petition attacking his criminal judgment, could file a later §2254 petition attacking an intervening judgment—that is, a judgment imposed in his criminal proceedings after his first petition, but prior to his second petition—without having to obtain leave from the court of appeals under §2244(b)(3)(A). Magwood, 130 S.Ct. at 2795. In Magwood, the petitioner, an Alabama state prisoner, was found guilty of murder in 1981 and sentenced to death. Id. at 2792-93. After exhausting his appeals, Magwood filed a § 2254 petition in federal court and obtained a stay of execution and conditional grant of the writ pending resentencing. Id. at 2793. At resentencing in 1986, Magwood again was sentenced to death. Id. He again appealed, after which he filed a renewed §2254 motion in federal court on the grounds that

10

he did not have fair warning that his conduct could result in a death sentence, and that he had received ineffective assistance of counsel at resentencing. Id. at 2794. The district court conditionally granted the writ in 2007, but we subsequently vacated on the basis that the petition should have been dismissed as second or successive because the claims therein could have been raised in Magwood's first petition. Id. at 2794-95.

The Supreme Court reversed our decision, holding that Magwood's petition, which challenged "his new sentence under the 1986 judgment," was not "second or successive." Id. at 2803. Specifically, the Court concluded that, when "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." Id. at 2802 (internal quotation and citations omitted). The Court explained that, because a habeas petitioner seeks "invalidation (in whole or in part) of the judgment [of a State court] .... the phrase 'second or successive' must be interpreted with respect to the judgment challenged," as opposed to a petitioner's custody. Id. at 2797 (emphasis and quotations omitted). In light of the resentencing proceeding, the Court determined that, although Magwood's instant petition was second-in-time, it was his first petition "challenging that intervening judgment." Id. at 2801. In making this determination, the Court rejected the state's position that the "second or successive" rule applied to claims that could have been raised in a prior petition, explaining that, because Magwood's challenges, including his fair-warning challenge, applied to the death sentence imposed at resentencing, they asserted "new error" that effectively was committed a second time. Id. at 2798, 2801.

Campbell v. Secretary for Dept. of Corrections, 2011 WL 4840725 at *2 (11th Cir. Oct. 13, 2011).

In Campbell, the Eleventh Circuit observed that the Supreme Court has suggested that Magwood applies retroactively to cases on collateral review under both §2254 and §2255. Id. at *3. Specifically, the court noted that

11

> The [Supreme] Court recently granted certiorari and vacated a Fifth Circuit decision in which it affirmed an order from the district court dismissing a federal prisoner's 28 U.S.C. § 2255 motion as second or successive, notwithstanding the fact that the petition attacked an intervening judgment. See Garza v. United States, ---U.S. ----, 131 S.Ct. 1469, 179 L.Ed.2d 293 (2011). The Supreme Court then remanded the case to the Fifth Circuit for further consideration in light of Magwood. Id.

Id. In United States v. Smith, 419 Fed.Appx. 954 (11th Cir. March 30, 2011), the Eleventh Circuit again held that the principles in Magwood apply to both §2254 and §2255 cases. In Smith, the court held that a petition filed under §2255 was not successive in light of Magwood. Id. at 957-58.

In Rice's case, he filed his first §2255 motion in February of 1997. (Cr DE# 246). This motion lead to the entry of an Amended Judgment on November 4, 1997.[2] (Cr DE# 255). Rice was entitled to file another §2255 motion after the entry of the Amended Judgment without obtaining the Eleventh Circuit's permission as another motion would not be successive under Magwood. Rice did just that by filing a second §2255 motion on June 7, 1999. Subsequently, Rice filed several more §2255 motions, all of which were denied. Accordingly, the instant §2255 petition is not the first §2255 petition filed following the entry of a new judgment.

In addition, Magwood limits the scope of the claims permitted in a second §2255 motion to claims regarding the intervening judgment. Magwood, 130 S.Ct. at 2802 ("[Where] there is a new judgment intervening between . . . two habeas petitions, an

---

[2] The government argues that because the amended judgment only corrected a clerical mistake, it did not constitute an new judgment under Magwood. (Cv DE# 12, p. 9-11). The undersigned need not address this argument because Rice is not entitled to relief for the reasons contained in this report.

application *challenging the resulting new judgment* is not second or successive at all.") (emphasis supplied).  None of the claims in the instant petition challenge the November 4, 1997 Amended Judgment.  Instead, Rice challenges the admission of evidence at his trial, the career offender sentencing enhancement, and a jury instruction given during his trial. (Cv DE# 1, 4). He also asserts that counsel was ineffective in failing to raise these three claims. (Id.).  Rice was aware of the facts underlying the above claims before the entry of the November 1997 amended judgment, when he filed his original §2255 motion.  He raised, without success, the career offender enhancement issue in his original motion, but failed to raise the remaining claims. He cannot now rely on Magwood to present claims which could have been raised in his first §2255 motion.

In light of the foregoing, the instant petition is another in a long line of successive motions filed by Rice in connection to the underlying criminal proceedings.  Because Rice did not obtain the Eleventh Circuit's authorization, this court lacks jurisdiction to consider this successive petition. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir.2003); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

### IV.  Conclusion

It is therefore recommended that the motion to vacate entered under 28 U.S.C. §2255 be denied and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 15th day of February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: James Robert Rice
10091-056
Federal Correctional Institution
P.O. BOX 725
Edgefield, SC 29824

Francis Ines Viamontes
United States Attorney's Office
Criminal Div. / Major Crimes
99 NE 4th Street
Suite 600
Miami, FL 33132