UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22172-CIV-SEITZ/WHITE

JAMES ROBERT RICE,

        Movant,

v.

UNITED STATES OF AMERICA

        Respondent.

_____/

## ORDER OVERRULING IN PART AND AFFIRMING AND ADOPTING IN PART MAGISTRATE'S REPORT AND RECOMMENDATION, CLOSING CASE AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court upon the Report of Magistrate Judge ("Report") [DE-15] issued by the Honorable Patrick A. White, United States Magistrate Judge, recommending the denial of James Robert Rice's motion to vacate pursuant to 28 U.S.C. § 2255. Magistrate White concluded that Rice's motion was successive, and because he failed to first obtain the Eleventh Circuit's approval to file a successive motion, the Court lacks jurisdiction over his successive motion. Rice filed an objection to the Report on March 15, 2012. For the reasons set forth below, the Court will overrule the analysis contained in the Report, but affirm and adopt the factual findings and ultimate conclusion, albeit for different reasons, to deny Rice's motion to vacate.

Rice does not object to any of Magistrate White's factual findings, only the legal conclusions he reached in the Report. The salient facts are as follows. Following a trial, Rice was convicted of all four counts he had been charged with, including Count One of the Indictment - possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Rep., p. 2. The judgment, however, indicated that Rice had been convicted of importation of cocaine in Count I. Order, pp. 11-12 [DE 12-1]. Rice thereafter filed a motion to vacate pursuant

to 28 U.S.C. § 2255 asserting numerous grounds for relief, including that the Court's judgment in Count I erroneously reflected a conviction for importation of cocaine. *Id.* at pp. 5, 12. Magistrate Judge Lurana Snow recommended denying all the claims except the meritorious claim - that the judgment inaccurately reflected that Rice was convicted of importation of cocaine. She concluded, however, that Rice was not entitled to relief under §2255 for this mistake. Judge Snow specifically found that, "the only relief to which the movant is entitled is a correction of his judgment[.]" *Id.* at p. 12. United States District Judge James C. Paine affirmed that recommendation and entered an amended judgment pursuant to Federal Rule of Civil Procedure 36. Order of June 21, 1999, No. 99-01601 [DE-5]; Amended Judgment [DE 12-3]. Rice filed a second motion pursuant to §2255 on June 7, 1999, which the Court dismissed as successive. Rep., pp. 6-7. Rice subsequently filed additional §2255 motions as well as motions under 18 U.S.C. § 3582 and 28 U.S.C. §2241 and a writ of *audita querela*. All of those motions were denied.

On June 24, 2010, the United States Supreme Court issued *Magwood v. Patterson*, wherein the Court held that where "there is a new judgment intervening between ... two habeas petitions, an application challenging the resulting new judgment is not second or successive at all." 130 S.Ct. 2788, 2802 (2010). Rice promptly filed the instant §2255 motion, arguing that *Magwood* provides that his challenge to the amended judgment was not successive. Magistrate Judge Patrick White denied the Petition finding that it was successive and that it only raised claims that were directed at the original judgment, not the amended judgment, claims that *Magwood* would not revive. Rep., pp. 12-13. Rice objects and argues that *Magwood* requires a different result. Rice maintains that under *Magwood* his amended judgment is a "new" judgment that enables him to file another §2255 petition that will not be deemed successive.

The Court finds no support for Rice's expansive reading of *Magwood*. In that case, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his conviction and death sentence days before his execution. The district court granted that writ of habeas corpus, vacated his death sentence; the state court, after reviewing the evidence anew, resentenced the him to death. 130 S.Ct. at 2793. The petitioner then filed a second petition for writ of habeas corpus challenging the new sentence and judgment, which the lower courts all deemed successive. *Id.* The Supreme Court reversed, finding the second petition for writ of habeas corpus challenged a "new" judgment and was therefor not successive under 28 U.S.C. §2244. *Id.* at 2803.

Relevant to the discussion here, the majority opinion in *Magwood* specifically addressed the following concern voiced by the dissent:

> Under the Court's newly created exception to the "second or successive" application bar, a defendant who succeeds on even the most minor and discrete issue relating to his sentencing would be able to raise 25 or 50 new sentencing claims in his second habeas petition, all based on arguments he failed to raise in his first petition.

*Id.* at 2809 (Kennedy, J., dissenting). The majority expressly disagreed with the dissent's suggestion that the majority opinion would result in a windfall to defendant's who succeed on even the most minor issue. The Court noted that success on a minor issue in a first habeas petition would not give rise to the right to a second petition. *Id.* at 2803, n.17. Rather, the "AEDPA permits relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* (quoting 28 U.S.C. §2254(a)).

The instant case presents the precise scenario that concerned the dissent in *Magwood*. While Judge Paine granted Rice relief as a result of his §2255 motion, the relief was not one of the grounds under §2255(a) that entitle a movant to relief. Pursuant to §2255, a prisoner in

custody claiming the right to be released may move the sentencing court to vacate, set aside or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). Neither Magistrate Judge Snow nor Judge Paine concluded that Rice satisfied any of these grounds for relief. Instead, they found that the judgment contained a clerical error and used Rule 36, not §2255, to correct that error. This is precisely the type of "minor issue" that results in a new judgment that the *Magwood* court concluded would not entitle a movant to a "new" petition. 130 S.Ct. at 2803, n.17. Having reviewed Rice's objections *de novo*, the Court overrules all objections and concludes that Rice's motion to vacate is successive and the Court therefore lacks jurisdiction over Rice's claim.

The Court will also deny issuance of a certificate of appealability for Rice's Motion to Vacate. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Rice must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010)(quotation omitted). Here, Rice has not made this showing.

Accordingly, it is

ORDERED THAT

    (1)    Magistrate Judge White's Report [DE-15] is OVERRULED to the extent it

recommends denying the instant motion as successive simply because James Rice previously filed a §2255 motion on June 7, 1999, attacking the amended judgment. The Report is otherwise AFFIRMED and ADOPTED and incorporated by reference into this Court's Order.

(2)     The Court further finds that the November 5, 1997 amended judgment does not constitute a new judgment entitling Rice to file a non-successive second §2255 motion under *Magwood v. Patterson*, 130 S.Ct. 2788, 2802 (2010).

(3)     James Rice's *pro se* motion to vacate pursuant to 28 U.S.C. §2255 [DE-1] is DISMISSED for lack of jurisdiction.

(4)     All other pending motions are DENIED AS MOOT.

(5)     Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, a certification of appealability is DENIED.

(6)     This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this __30th__ day of July, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White