**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 11-22172-CIV-SEITZ

JAMES ROBERT RICE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER DENYING MOTIONS FOR POST-JUDGMENT RELIEF**

On July 30, 2012, this Court dismissed Petitioner James Robert Rice's section 2255 motion as successive. [DE-23.] Rice now moves under Rule 60 for relief from that dismissal, arguing that government attorneys committed fraud upon the Court. Because Rice does not come close to establishing any "egregious misconduct" on the part of the government, the Court will deny his Rule 60 motion.

**A. BACKGROUND**

In 1991, Rice was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One); conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two); carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Count Three); and use of a deadly weapon to impede official duties in violation of 18 U.S.C. § 111 (Count Four). Following a trial, he was convicted of all four counts and sentenced to life in prison. However, Count I was erroneously characterized at the sentencing hearing as "importation of cocaine, pursuant to 21 U.S. Code, 841(a)(1), and

Title 18, Section 2"[1] [DE-35 at 6] and in the written judgment as "importation of cocaine" pursuant to "21 U.S.C. § 841(a)(1)" and "18 U.S.C. § 2" [DE-35 at 13].

After the Eleventh Circuit affirmed his sentence, *United States v. Rice*, 43 F.3d 601 (11th Cir. 1995), Rice filed his first section 2255 petition in 1997, asserting various grounds for relief. Magistrate Judge Snow determined that he was entitled only to have Count I of the written judgment corrected under Rule 36:

> The only meritorious claim raised by the movant is set forth in Ground Three, which points out that the judgment inaccurately reflects that the movant was sentenced on Count I for conspiracy to import cocaine. This was the charge named in Count I of the superseding indictment, and is erroneously designated as Count I on the face page of the docket sheet in the movant's criminal case. However, the only relief to which the movant is entitled is a correction of his judgment, since the jury was properly instructed on the offense charged in Count I of the original indictment, and there is no showing of any error pertaining to this count at trial or at sentencing.

[DE-12-1 at 25–26.] The Court adopted and affirmed this conclusion and issued an Amended Judgment on November 4, 1997 which recorded Count I as a conviction for possession with intent to distribute cocaine, not for importation of cocaine. [DE-35 at 13–15].

Over the next decade, Rice filed five successive 2255 motions seeking to vacate his conviction. On June 16, 2011, Rice filed the section 2255 motion that initiated this case, arguing that under *Magwood v. Patterson*, 561 U.S. 320 (2010), it was not successive because he had never before had the chance to challenge his Amended Judgment. [DE-1.] On July 30, 2012, this Court found that the Amended Judgment did not constitute a

---

[1]   21 U.S.C. § 841(a)(1) prohibits possession with intent to distribute. 18 U.S.C. § 2 provides that aiders or abettors are as liable as principals. Neither statutory section relates to importation of cocaine.

new judgment that would entitle Rice to file a new motion under *Magwood* and dismissed his motion as successive. [DE-23.]

Rice now moves under Rules 60(b)(3) and 60(d)(3) for relief from this Court's dismissal of his June 16, 2011 section 2255 motion. [DE-34; DE-36.] In particular, Rice alleges the following:

1) The government's brief in the 1997 habeas proceedings stated that "the Court did not state the nature of the crime as to each count" during the sentencing proceedings [DE-12-2 at 19], even though the sentencing transcript indicates that the sentencing judge described Count I as "importation of cocaine" pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 during sentencing.
2) The government intentionally made this misrepresentation because then it could argue that Count I in the written judgment was a mere clerical error that could be fixed under Rule 36, rather than a more fundamental error present in both the written judgment and the oral pronouncement, which would require resentencing.
3) The government's brief in this case falsely stated that the original written judgment and the Amended Judgment "are identical in every respect, but for the title of Count I" [DE-12 at 10], even though the Amended Judgment is six pages long and the original written judgment is only three pages long.
4) The government intentionally made this misrepresentation because then it could argue that the instant petition was successive.
5) The courts relied upon these misrepresentations in denying Rice's habeas motions.

## B. LEGAL STANDARD AND ANALYSIS

Rule 60(b) motions that attack "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas

proceedings" are not successive, and a district court can rule upon them without precertification. *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005). However, such motions must meet a high standard:

> When a Rule 60 motion is construed as an independent action alleging fraud on the court, the movant must establish by clear and convincing evidence, among other things, fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense. Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. An action for fraud on the court should be available only to prevent a grave miscarriage of justice. Further, the movant must show an unconscionable plan or scheme to improperly influence the court's decision. Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud.

*Galatolo v. United States*, 394 Fed. Appx. 670, 672 (11th Cir. 2010) (citations and quotation marks omitted).

Rice's allegations do not come close to meeting this standard. The facts are these: Rice was charged, tried, and convicted by a jury of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *United States v. Rice*, 43 F.3d 601 (11th Cir. 1995). Count I of the Amended Judgment correctly reflects the crime for which he was charged, tried, and convicted. [DE-12-3.] A review of the Amended Judgment reveals that it is, in fact, identical in content to the original written judgment, except for the title of Count I, but is entered into a form document for an amended judgment rather than for an initial judgment. (Compare [DE-12-3] *with* [DE-35 at 13–15].) Moreover, the sentencing transcript and underlying written judgments were fully available to the Court during these habeas proceedings.

So the facts that the government allegedly misrepresented in these habeas proceedings boil down to two. First, although Rice was charged, tried, convicted, and sentenced for violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Judge Paine erroneously said "importation" rather than "possession with intent to distribute" during sentencing. Second, even though the Amended Judgment contains the same content as the original written judgment except for the title of Count I, it looks different because it is entered into an amended-judgment form rather than an original-judgment form. These facts are not material, and any alleged misrepresentation of them is not "egregious misconduct."

Because Rice's allegations do not even state a claim for fraud on the Court, there is no reason to appoint counsel or to hold an evidentiary hearing. Rice is not entitled to have the judgments denying him habeas relief reopened on this or on any other basis. Accordingly, it is

ORDERED that

1) Petitioner's Motion for Leave to Amend [DE-36] is GRANTED.
2) Petitioner's Motion for Relief [DE-34] is DENIED.
3) Petitioner's Motion for Evidentiary Hearing and to Appoint Counsel [DE-37] is DENIED.
4) Petitioner's Motion for Adjudication and Pronouncement of Judgment [DE-39] is DENIED.

DONE AND ORDERED in Miami, Florida, this 28 day of August 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record