UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-22172-CIV-SEITZ

JAMES ROBERT RICE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

On July 30, 2012, the Court dismissed Petitioner James Robert Rice's section 2255 motion as successive. [DE-23.] He subsequently moved under Rule 60 for relief from that dismissal, alleging "fraud on the Court." [DE-34.] On August 29, 2014, the Court denied his Rule 60 motion on the merits because he had failed to allege any material misrepresentations. [DE-42.] Rice now moves for leave to appeal *in forma pauperis*, as well as for a certificate of appealability, if required. [DE-47, 49.]

As an initial matter, Rice does need a certificate of appealability. Generally, "all final decisions of the district courts of the United States" are appealable under 28 U.S.C. § 1291, but there is an additional requirement in habeas cases: a petitioner may only appeal a "final order in a proceeding under section 2255" by obtaining a certificate of appealability, which requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. Rice argues that this additional requirement does not apply here because his motion challenged the integrity of the habeas proceedings, not the merits of his underlying criminal conviction. But in the Eleventh Circuit, "a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding." *Jackson v. Crosby*, 437 F.3d 1290, 1294

(11th Cir. 2006) (citation omitted). Rice's citation to *Summers v. Sec'y, Florida Dept. of Corr.*, 569 Fed. Appx. 846, 848 (11th Cir. 2014) (the denial of a motion to reopen is "not subject to the COA requirement . . . because it does not dispose of the merits of a habeas proceeding") is therefore unavailing.

To obtain a certificate of appealability regarding an order denying a Rule 60(b) motion "on procedural grounds without reaching the merits of any constitutional claims," Rice must make "*both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Jackson*, 437 F.3d at 1295 (emphasis in original) (citation omitted). This is because there is little point in allowing the appeal of a procedural ruling unless that ruling erroneously prevented a petitioner from pursuing a valid claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Rice can make neither showing. Regardless of any errors in pronouncing his sentence, and regardless of any mischaracterizations by the government of how his sentence was pronounced, Count I of the Amended Judgment correctly reflects the crime for which he was charged, tried, and convicted. [DE-12-3.] So there is no showing of the denial of a constitutional right. And his Rule 60 motion did not state a claim for fraud on the Court because it did not allege "egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Galatolo v. United States*, 394 Fed. Appx. 670, 672 (11th Cir. 2010). So there is no showing that the procedural ruling denying his motion was wrong. Therefore, Rice is not entitled to a certificate of appealability.

For the same reason, Rice is not entitled to proceed *in forma pauperis*. Federal Rule of Appellate Procedure 24(a)(1) requires that any motion for leave to appeal in forma pauperis include an affidavit that (1) sets out the party's inability to pay, (2) claims an entitlement to redress, and (3) states the issues that the party intends to present on

appeal. By failing to establish a valid claim of the denial of a constitutional right, Rice fails to claim an entitlement to redress.

Accordingly, it is

ORDERED that

1) Rice's motion for a certificate of appealability [DE-47] is DENIED.

2) Rice's motion for leave to appeal *in forma pauperis* [DE-49] is DENIED..

DONE AND ORDERED in Miami, Florida, this 22nd day of October 2014.

    *Patricia A. Seitz*
    PATRICIA A. SEITZ
    UNITED STATES DISTRICT JUDGE

cc: Counsel of Record